E-FILED
Tuesday, 28 March, 2006  03:58:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

GLENN J. HOPKINS, d/b/a Galaxy Innovative )
Technologies, on behalf of self and others so )
situated, )
)
      Plaintiff, )
)
vs. )  No. 05-3231
)
THE STATE OF ILLINOIS, SECRETARY OF )
STATE OF ILLINOIS JESSE WHITE, STATE )
FARM MUTUAL AUTOMOBILE INSURANCE )
COMPANY, ESTATE OF LEROY NEFF, by )
Executor Nancy Hostick, and unknown others )
in the business of insurance, )
)
      Defendants. )

OPINION

RICHARD MILLS, U.S. District Judge:

      This case is before the Court on Defendant State Farm Mutual

Automobile Insurance Company's motion to dismiss Count VII [d/e 4],

State Farm's motion to dismiss Counts IV, VIII, IX and X [d/e 6],

Defendant Secretary of State Jesse White's motion to dismiss [d/e 9] and

1

State Farm's motion for sanctions [d/e 14].[1]

Plaintiff Glenn J. Hopkins has asserted several claims against various Defendants.  The Defendants he has named include The State of Illinois, Secretary of State Jesse White, State Farm Mutual Automobile Insurance Company, The Estate of Leroy Neff by Executor Nancy Hostick, and unknown others in the business of insurance.

The Plaintiff alleges the following facts.  While doing business as Galaxy Innovative Technology, the Plaintiff commenced research and development of the Electronic Fuel Injection Fuel Preheater in May 2000.  A patent application for that device was filed with the United States Patent Office in January 2001.  This product would be of substantial benefit to all United States consumers.

The Plaintiff alleges that in May 2000, State Farm denied him access

_____

[1]The Plaintiff has filed a 52-page brief which is apparently intended to serve as a response to each of the motions.  This violates the Local Rules, which require a party opposing a motion to file a response to that particular motion.  See Local Rule 7.1(B)(2).  Moreover, the response to each motion shall not exceed 15 pages in length.  See Local Rule 7.1(B)(4)(a).  Because the Plaintiff has not filed a response to each specific motion, it is very difficult to understand his arguments which at times are rambling and repetitive.  In the interest of judicial economy, however, the Court will consider the motions without directing the Plaintiff to properly file a response.

to insurance coverage so as to discourage the testing, development and marketing of the device "under color of the Mandatory Automobile Insurance Act." Moreover, State Farm declared an intent to deny any consumers access to insurance services if they were found to have purchased the product.

The Plaintiff alleges that following May 2000, State Farm began collaborating with unknown other insurance companies in order to deny the Plaintiff access to insurance because of the Electronic Fuel Injection Preheater. The Plaintiff further asserts that State Farm and other unknown insurance companies invoked the Illinois Secretary of State in order to classify him as high risk, with the associated increase in rates, so as to cripple his business interests and intimidate and discourage potential investors, banks and loan institutions from investing in Galaxy Innovative Technology. On this basis, the Plaintiff alleges that State Farm used "State power for interfering with and suppressing Plaintiff's capacity to engage in commerce in violation of the consumer Fraud and Deceptive business practice Act." The Plaintiff further alleges that these actions of State Farm and other insurance companies were taken to protect oil company

investments.

On June 11, 2002, the Plaintiff was involved in a motor vehicle accident on Washington Street adjacent to and on the East side of Veterans Parkway in Springfield, Illinois.  Leroy Neff was the driver of the 1993 Pontiac Grand Am that was westbound on West Washington that struck the rear of the Plaintiff's motor vehicle, a 1983 Ford Thunderbird, which was stopped with other vehicles at the intersection.  Neff was insured by State Farm.

The Plaintiff alleges that he was subsequently cited by the State of Illinois for not having insurance, in violation of 625 ILCS 3-707.   He asserts that he was fined $600.00 and his license was suspended for one year for operation of an uninsured vehicle.  The Plaintiff further contends that he has since been "denied ownership of a motor vehicle by the State of Illinois for use as transportation and/or testing of company product, destroying his capacity to engage in commerce, when there was no actual effect whatsoever as to the cause of this accident based on Plaintiff's lack of insurance."

In Count I, the Plaintiff purports to allege that the State of Illinois has

unlawfully, in violation of 42 U.S.C. § 1983, overreached its power to regulate interstate and intrastate commerce under color of 625 ILCS 3/707 of the Illinois Insurance Code.  The Plaintiff asks the Court to declare that state law unconstitutional "under the Commerce Clause" in violation of § 1983.

Count II purports to allege claims against the Secretary of State; the Plaintiff asserts that White has unlawfully overreached the State's limited power to regulate interstate and intrastate commerce, pursuant to § 1983 and 625 ILCS 3/707.  The Plaintiff asks that the Court prohibit the Secretary of State's enforcement of the state law.[2]

Count III is also directed at the Secretary of State.  The Plaintiff repeats the previous allegations and asserts that White has caused unnecessary harm and injury to the Plaintiff as a disabled person and to others similarly situated, in violation of Titles II and III of the Americans with Disabilities Act.

Count IV is directed at State Farm.  The legal theories asserted are not

---

[2]In Counts I and II, the Plaintiff also seeks compensatory damages in excess of $2 million for his business, Galaxy Innovative Technology.

entirely clear.   The Plaintiff contends that Defendant "intentionally breach[ed] the implied covenant of good faith and fair dealing required of Defendant in its commerce transactions with disabled consumers and small businesses arising from motor vehicle accidents involving their insured, causing unnecessary harm and damage to Plaintiff as a disabled small business owner."  The Plaintiff contends that State Farm employed acts of intimidation, fraud and coercion as a negotiating tactic, which resulted in his having to surrender his vehicle.  The Plaintiff also seems to allege that State Farm violated § 1983 by engaging in unfair business practices.

Count VII is also directed at State Farm.[3]  The Plaintiff alleges that State Farm intentionally breached its duty in its transactions with disabled customers and small businesses "arising from motor vehicle accidents involving their insured, causing unnecessary harm and damage to Plaintiff as a disabled small business owner and consumer," in violation of 215 ILCS 5/154.6(c), (d) and (r).

Count VIII is also directed at State Farm.  The Plaintiff alleges that State Farm failed to accommodate him as a disabled consumer, in violation

---

[3]The Plaintiff seems to have skipped Counts V and VI.

6

of the ADA, "which constitutes an act in violation of the consumer Fraud and Deceptive business practices Act." The allegations in Count IX appear to be identical to those in Count VIII.

Count X is also directed at State Farm. The Plaintiff alleges that State Farm unlawfully entered into a collaboration or conspiracy with other businesses engaged in the business of insurance with the intent to restrain and otherwise interfere with Galaxy Innovative Technology, thereby impeding the Plaintiff from "engaging in interstate and international commerce by the use of boycotts, intimidation, and unfair trade practices in violation of the Sherman Anti Trust Act."

Count XI is directed at the Estate of Leroy Neff.[4] The Plaintiff alleges that Neff negligently operated a motor vehicle on a public roadway and caused an injury to the Plaintiff's person, property and business interests.

State Farm has moved to dismiss Count VII, asserting that Illinois does not recognize a common law tort action for "bad faith" in negotiations between adversarial third parties and insurance companies. Consequently, State Farm contends that there exists no private remedy or cause of action

---

[4]The Plaintiff states that Neff died on October 15, 2004.

7

under the Illinois Insurance Code, as alleged by the Plaintiff in Count VII.

State Farm has also moved to dismiss Counts IV, VIII, IX and X.  It contends that Count IV should be dismissed because the Plaintiff has failed to set forth the necessary elements to establish any of his claims.  As for his § 1983 claim in Count IV, the Plaintiff has not alleged the deprivation of any federal right or that the Defendant was acting under color of state law or as a state actor.  Moreover, the Defendant's allegation of common law bad faith is not supported by factual allegations.  State Farm contends such a claim is also preempted by state law under 215 ILCS 5/155.

State Farm notes that Counts VIII and IX are identical with each other, except for the prayer for relief.  State Farm claims that the Plaintiff alleges an ADA violation and seeks money damages for the alleged violation contrary to the statute and case law.  Moreover, Section 155 of the Illinois Insurance Code (215 ILCS 5/155) further preempts actions under the Illinois Consumer Fraud and Deceptive Trade Practices Act (815 ILCS 505/2).

Finally, State Farm alleges that the Plaintiff's claim in Count X under the Sherman Anti-Trust Act has already been rejected by the Court.

8

## III. ANALYSIS

A. Legal standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997).  A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Id. (citations omitted).  A plaintiff basically needs only to plead claims for relief.  See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).  "[F]actual details and legal arguments come later."  Id.

B. State Farm's first motion to dismiss

Relying on American Insurance Company v. Passarelli, 323 Ill. App.3d 587, 590, 752 N.E.2d 635, 638 (1st Dist. 2001), State Farm alleges that Count VII should be dismissed because there exists no private cause of action under Section 154.6 of the Illinois Insurance Code.[5]  The court in

---

[5]Section 154.6 provides that certain acts constitute improper claims practice. The Plaintiff alleges that State Farm violated three subsections by "[f]ailing to adopt and implement reasonable standards for the prompt investigations and settlement of

Passarelli specifically held, "[S]ection 154.5 et seq. does not give rise to a private remedy or cause of action by a policyholder against an insurer but is instead regulatory in nature." Id. at 590, 752 N.E.2d at 638.  Because there is no private right of action under the applicable section of the Illinois Insurance Code, the Court will ALLOW State Farm's motion to dismiss as to Count VII.

C. State Farm's second motion to dismiss

(1)

State Farm has also moved to dismiss Counts IV, VIII, IX and X.  It contends that Count IV should be dismissed because the Plaintiff has failed to state a viable cause of action under § 1983 or under the common law of the State of Illinois.  State Farm asserts that the Plaintiff fails to allege that he has either been deprived of a right secured by the Constitution or that the State is in any way responsible for the specific conduct of which the Plaintiff complains.  It further alleges that the complaint is "devoid of any

---

claims arising under its policies;" "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;" and "[e]ngaging in any other acts which are in substance equivalent to any of the foregoing."

real allegations giving rise to a cause of action" under § 1983.

The Court would agree that it is difficult to ascertain exactly what the Plaintiff is alleging in Count IV.  At first glance, moreover, it would appear that State Farm is a private actor and that an action under § 1983 could, therefore not be maintained.

"To state a § 1983 claim against an individual, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law."  See Kelley v. Myler, 149 F.3d 641, 648 (7th Cir. 1998).  A private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right.  See Proffitt v. Ridgway, 279 F.3d 503, 507 (7th Cir. 2002) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)).

While it would appear that there is no State action to support a claim against State Farm under § 1983, the Court concludes that it is too early to make such a determination.  A litigant need not present evidence or allege any facts at this stage.  "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . .

11

.' should stop and think: What rule of law *requires* a complaint to contain that allegation?"  <u>Doe</u>, 429 F.3d at 708 (emphasis in original).  "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)."  <u>Kolupa v. Roselle Park District</u>, 438 F.3d 713, 715(7th Cir. 2006).[6] Rule 9(b) does not require a plaintiff to allege the requirements of a § 1983 claim.  The Court cannot definitively conclude that the Plaintiff is not alleging that State Farm conspired with a public actor.  To the extent that Count IV purports to assert a claim under § 1983, therefore, State Farm's motion to dismiss that count is DENIED.

Count IV appears to also include state law claims.  The Court previously noted that the Plaintiff alleges that State Farm "did intentionally breach the implied covenant of good faith and fair dealing required of Defendant in its commerce transactions with disabled customers and small businesses arising from motor vehicle accidents involving their insured."

---

[6]Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Defendant does not suggest that the Plaintiffs have failed to properly allege fraud or mistake.

State Farm asserts that allegations of "bad faith" or "unreasonable and vexatious" conduct do not constitute a common law tort. State Farm alleges that the Plaintiff's common law bad faith allegation under Count IV is preempted by Illinois statute.

"Section 155 does not preempt a claim of insurer misconduct based on a separate and independent tort." Cramer v. Insurance Exchange Agency, 174 Ill.2d 513, 530, 675 N.E.2d 897, 905-06 (1996). "Mere allegations of bad faith or unreasonable and vexatious conduct, however, are not sufficient to constitute a separate and independent tort." Id. at 530, 675 N.E.2d at 906.

In his response to State Farm's motion to dismiss, the Plaintiff appears to allege that State Farm "employ[ed] fraud, deceit, wire fraud, intimidation, coercion, extortion and boycotts." While the complaint is not a model of clarity, it appears that the Plaintiff is alleging that State Farm's actions constitute more than bad faith. If this is the case, then dismissal at this stage would be premature. Accordingly, State Farm's motion to dismiss as to Count IV is DENIED.

(2)

13

State Farm has also moved to dismiss Counts VIII and IX. In support of its motion, State Farm first notes that the Plaintiff's complaint in both counts pleads a combined violation of federal and Illinois State law under the ADA and the Illinois Consumer Fraud Act, 815 ILCS 505/2. The ADA provides in pertinent part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Basically, the Plaintiff appears to be alleging that State Farm is a "public accommodation," which has denied him various rights in violation of the ADA. Section 12188(a)(1) of the ADA provides in pertinent part, "The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

Section 2000a-3(a)allows a plaintiff to initiate "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." 42 U.S.C. § 2000a-3(a).

14

"Thus, a plaintiff alleging retaliation based on public accommodation discrimination may seek only injunctive relief under the ADA." <u>Rothman v. City of Chicago</u>, 2004 WL 2271851 (N.D. Ill. 2004) at *2; <u>see also</u> <u>A.R. v. Kogan</u>, 964 F. Supp. 269, 271 (N.D. Ill. 1997) (observing that a private plaintiff asserting ADA "public accommodations" claims is limited to seeking injunctive relief and not damages.).

In response to State Farm's argument, the Plaintiff essentially makes only policy arguments. Accordingly, State Farm's motion is ALLOWED, to the extent that Counts VIII and IX of the Plaintiff's complaint assert claims for money damages under the ADA.

As the Court noted, Counts VIII and IX also include claims under the Illinois Consumer Fraud Act. This Act prohibits various "[u]nfair methods of competition and unfair or deceptive acts or practices." <u>See</u> 815 ILCS 505/2. In support of its motion to dismiss, State Farm contends that Section 155[7] of the Illinois Insurance Code preempts all claims against

---

[7]Section 155 provides for various remedies in certain instances "wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable." 215 ILCS 5/155(1).

15

insurance companies brought under the Illinois Consumer Fraud Act.  State Farm notes that in <u>Young v. Allstate Insurance Co.</u>, 351 Ill. App.3d 151, 169, 812 N.E.2d 741, 757 (1st Dist. 2004), the court determined that the plaintiff's Consumer Fraud Act claim, which was premised on the breach of an insurance contract, was preempted.  The court in <u>Young</u> recognized that "an insurer's conduct may give rise to both a breach of contract action and a separate and independent tort action."  <u>Id.</u>, 812 N.E.2d at 757 (quoting <u>Cramer</u>, 174 Ill.2d at 527, 675 N.E.2d at 904).  While an insurer's conduct could give rise to an independent tort, allegations of "bad faith or unreasonable and vexatious conduct do not alone constitute a tort."  <u>Id.</u>, 812 N.E.2d at 757 (citing <u>Cramer</u>, 174 Ill.2d at 528, 675 N.E.2d at 904-05).

The case <u>sub judice</u> differs from <u>Young</u> in that this case does not involve the breach of an insurance contract.  In discussing Count IV, the Court observed that the allegations in the Plaintiff's complaint were not entirely clear.  The same is true of Counts VIII and IX.  Because it is somewhat confusing as to exactly what the Plaintiff is alleging, the Court is reluctant to dismiss these claims at this stage, particularly given that an

16

insurer's conduct can give rise to a separate tort action.  Although the Plaintiff must meet a high threshold to assert a tort theory, the Court declines at this time to dismiss these claims.  State Farm's motion to dismiss the state law claims in Counts VIII and IX is DENIED.

(3)

Next, State Farm moves to dismiss Count X.  State Farm contends that Count X, which is based upon an alleged violation of the Sherman Anti Trust Act, is barred by the law and by the doctrine of res judicata, and is also filed in violation of Rule 11 of the Federal Rules of Civil Procedure.  Count X alleges that State Farm "unlawfully enter[ed] into a collaboration or conspiracy with other businesses engaged in the business of Insurance . . . allegedly with intent to restrain and otherwise interfere with Plaintiff Galaxy Innovative Technology, impeding Plaintiff from engaging in interstate and international commerce by the use of boycotts, intimidation, and unfair trade practices in violation of the Sherman Anti Trust Act."

In support of its motion, State Farm asserts that the same claim, between the same parties, was raised and dismissed in Case Number 04-CV-3022 in the Central District of Illinois.  That dismissal was affirmed by the

17

Seventh Circuit Court of Appeals.  Consequently, State Farm contends that the Plaintiff's attempt to re-file this count is barred by the law and is in violation of Rule 11.

State Farm alleges that Count X is barred by the doctrine of res judicata and should be precluded.  In the previous case, this Court ruled that the Plaintiff's Sherman Anti Trust Act claim was barred by the McCarron-Ferguson Act, 15 U.S.C. § 1011.  Specifically, the Court determined that the McCarron-Ferguson Act bars application of the Sherman Anti Trust Act to insurance companies to the extent that they are regulated by state law.

The three requirements for federal claim preclusion are: (1) identity of the claims; (2) identity of the parties; and (3) a final judgment on the merits.  See Central States, Southeast and Southwest Areas Pension v. Hunt Truck Lines, Inc., 296 F.3d 624, 628 (7th Cir. 2002).  State Farm contends that all three elements are satisfied in this case.  The Plaintiff alleges a violation of the Sherman Anti Trust Act in this case, which is identical to a count asserted in Case Number 04-CV-3022.  The parties are the same as in the previous case.  Moreover, the Court made a final judgment on the

merits of the claim, which was affirmed on appeal.

In an Order entered October 21, 2004, United States District Judge Jeanne E. Scott determined that "[t]he McCarron-Ferguson Act bars the application of the Clayton Act and the Sherman Act to insurance companies to the extent that they are regulated by state law." 15 U.S.C. § 1012. This Court concluded, therefore, that because the process of settling insurance claims in Illinois is regulated by the Illinois Insurance Code, "Hopkins' remedy is therefore under Illinois law; he cannot pursue claims under either the Sherman Antitrust Act or the Clayton Act." Id. The Seventh Circuit affirmed the judgment of the district court.[8]

Based on the foregoing, State Farm alleges that Count X should be dismissed and this Court should consider a imposing sanctions for a violation of Rule 11. State Farm notes that it has already defended against this claim and this Court has already ruled on the claim.

In his response to State Farm's motion, the Plaintiff appears to argue

---

[8]Because the Plaintiff's notice of appeal was filed more than 30 days after the entry of the underlying judgment, the Seventh Circuit had jurisdiction to review only his post-judgment motion pursuant to Federal Rule of Civil Procedure 60(b). That court concluded that the Plaintiff had not invoked any of the permitted bases for Rule 60(b) relief.

19

that there is no basis for giving preclusive effect to the previous Order because the Court lacked jurisdiction over the parties due to a defective summons. That was true as to one of the defendants in the previous action. The Court determined that it lacked personal jurisdiction over Jesse White, because the Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 4(m), in that he failed to timely serve that defendant with a summons and a copy of the complaint (or secure a waiver). Accordingly, the Court dismissed the claims against Jesse White because the Plaintiff neither served the Illinois Attorney General nor obtained waiver of service.

The Plaintiff states, "In the absence of a finding that the District Court somehow had jurisdiction over State Farm, in light of the fact that State Farm had received the same summons with the same defect as had the State of Illinois and Leroy Neff, the District Court did not have jurisdiction under the statute, and therefore had no legitimate power to rule on these issues." (emphasis in original). In its previous Order, the Court[9] stated that

---

[9]The Plaintiff suggests that it is inappropriate to use the words "the Court" or "this Court" when referring to the Order entered by Judge Scott. He states that "the Court of Judge Scott (not this Court as has been implied by Defendants) did not have

the Plaintiff did not serve any Defendant with a summons, nor did he secure a waiver of service from any Defendant.   The Plaintiff apparently believes, therefore, that the Court lacked jurisdiction to make any rulings on the merits.   However, the Plaintiff is mistaken.   He apparently has forgotten that unlike subject matter jurisdiction, personal jurisdiction can be waived or forfeited.   See Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005).

In the previous action, Jesse White filed a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.   State Farm filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim.   The different types of relief requested explains why the claims against White were dismissed for lack of personal jurisdiction and the claims against State Farm were dismissed on the merits.

The three elements necessary for federal claim preclusion are present in this case.   The claims and parties are identical and there is a prior final judgment on the merits.   The Court previously determined that the Plaintiff could not pursue claims under the Sherman Antitrust Act.   Accordingly,

---

proper jurisdiction over the cause."   The undersigned and Judge Scott are both United States District Judges in the Central District of Illinois.   Accordingly, State Farm's references to "the Court" or "this Court" are not inappropriate.

21

Count X is barred by the doctrine of res judicata.  State Farm's motion to dismiss Count X on that basis is ALLOWED.

D. The State's motion to dismiss

Jesse White has also moved to dismiss various claims that the Plaintiff has asserted against him in his official capacity as Secretary of State.  White first contends that the Eleventh Amendment bars the claims in Count I and the damage claims in Count II.  These counts were brought pursuant to § 1983.

The Plaintiff's § 1983 claims against the State and the Secretary of State in his official capacity are barred by the Eleventh Amendment.  Illinois has not waived its sovereign immunity in cases brought pursuant to § 1983. See Duckworth v. Franzen, 780 F.2d 645, 649 (7th Cir. 1985).  Moreover, the Civil Rights Act did not abrogate a state's sovereign immunity from damage suits.  Id. (citing Owen v. Lash, 682 F.2d 648, 654 (7th Cir. 1982)). Section 1983 does not override the traditional sovereign immunity of states. Will v. Michigan Dept. of State Police, 491 U.S. 58, 67 (1989). Additionally, neither the State nor the Secretary of State in his official capacity is a "person" subject to a suit for damages under § 1983.  Id. at 68-

22

69.  Accordingly, the Court will ALLOW the State's motion to dismiss the Plaintiff's § 1983 claims directed against the State or the Secretary of State in Counts I and II.

Next, the State notes that the Plaintiff claims that mandatory automobile insurance is unconstitutional as a violation of the Commerce Clause.  The requirement under Illinois law that motor vehicles be covered by insurance applies only to resident drivers operating within the State.  See People v. Benton, 322 Ill. App.3d 958, 961, 751 N.E.2d 1257, 1260-61 (3d Dist. 2001).  Accordingly, the Court cannot conclude that 625 ILCS 5/3-707 violates the Commerce Clause.

The State next alleges that the Plaintiff's ADA claims should be dismissed.  The State notes that Title III of the ADA prohibits discrimination in places of public accommodation.  See 42 U.S.C. § 12182. Places of public accommodation are those run by private entities, see 42 U.S.C. § 12181(7), and the State of Illinois is not a private entity.  See 42 U.S.C. § 12181(6).  Because Title III of the ADA does not apply to the State of Illinois, the Court will ALLOW the State's motion as to any ADA claims under Title III.

23

In support of its motion as to Title II of the ADA, the State notes that Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   42 U.S.C. § 12132. Accordingly, the plain language of the statute prohibits a public entity from denying equal services to individuals because of their disabilities; it does not prohibit a public entity from denying equal services to individuals for other reasons.

The State asserts that the Plaintiff's claim under Title II is that the State should have provided a remedy for disabled citizens who are denied insurance "unfairly."   It notes that the Plaintiff has pleaded that he was denied insurance because he altered the fuel system of his vehicle, not because he was disabled.   The State contends that nothing in the ADA requires it to assist the Plaintiff in getting insurance when the denial was wholly unrelated to his disability.

The Court has reviewed the allegations in Count III of the Plaintiff's complaint.  The allegations are confusing at best.  In addition to seeking

24

monetary relief, the Plaintiff asks the Court to declare unconstitutional 625 ILCS 5-3/707, apparently on the basis that the Illinois statute violates the Commerce Clause and the ADA. As for the specific allegations pertaining to the ADA, the Plaintiff alleges that the State "does not provide any legal remedy for any insurance consumer who is disabled and has been denied insurance services unfairly or unreasonably." Moreover, the Plaintiff alleges that the State's exercise of its police power results in the "failure to accommodate the Disabled."

While it is not exactly clear precisely what he is alleging, the Plaintiff does appear to claim in a conclusory fashion that he was denied insurance because of his disability. The Court recognizes, of course, that the Plaintiff also alleges that he was denied insurance because of the device which he implemented in his vehicle. Because very little is required to withstand a motion to dismiss, the Court must DENY the State's motion to dismiss Count III as to the Title II ADA claims. The legal conclusion pertaining to the ADA violation is all that the Plaintiff must allege.

### E. State Farm's motion for sanctions

State Farm has also moved for sanctions under Rule 11(b)(2), on the

basis that some of the Plaintiff's claims are not warranted by existing law. First, the Plaintiff alleges that Counts VIII and IX of the complaint, in which the Plaintiff pleads violations of the ADA are absolutely groundless, because the ADA does not provide for a cause of action for damages in these circumstances.

State Farm further alleges that sanctions are appropriate because Count X, which pleads a violation of the Sherman Act, is filed for an improper purpose in that it has already been adjudicated by this Court. Based on the foregoing, State Farm asks the Court to enter an Order of Sanctions against the Plaintiff and Plaintiff's counsel, as the Court deems appropriate, in an amount representing State Farm's attorney's fees, and for other sanctions as warranted for effective deterrence.

The Court is reluctant to impose sanctions for the alleged Sherman Act violation, given that the Plaintiff may have erroneously believed that the Court lacked jurisdiction over the subject matter. Moreover, the Court declines to impose any sanctions at this early stage of the litigation. This does not mean that sanctions will not be appropriate at a later stage of the litigation. At this time, however, State Farm's motion for sanctions is

DENIED.

Ergo, the motion of Defendant State Farm Mutual Automobile Insurance Company to dismiss Count VII [d/e 4] is ALLOWED.

State Farm's motion as to Counts IV, VIII, and IX and X [d/e 6] is ALLOWED IN PART and DENIED IN PART.  It is DENIED as to Count IV.  State Farm's motion is ALLOWED as to Counts VIII and IX, to the extent that those Counts assert claims for money damages under the ADA. It is DENIED as to the State law claims in Counts VIII and IX.  State Farm's motion to dismiss Count X is ALLOWED.

The motion of the State of Illinois and Secretary of State Jesse White to dismiss [d/e 9] is ALLOWED IN PART and DENIED IN PART.  The motion is ALLOWED as to the § 1983 claims in Counts I and II directed at the State and the Secretary of State in his official capacity.  It is ALLOWED as to the Title III ADA claims asserted against the State in Count III.  The motion is DENIED as to the Title II ADA claims asserted against the State in Count III.

State Farm's first motion for sanctions [d/e 14] is DENIED.

The parties are Directed to contact United States Magistrate Judge

Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: March 28, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge