IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GLENN J. HOPKINS, d/b/a Galaxy Innovative Technologies, on behalf of self and others so situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 05-3231 |
| THE STATE OF ILLINOIS, SECRETARY OF STATE OF ILLINOIS JESSE WHITE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ESTATE OF LEROY NEFF, by Executor Nancy Hostick, and unknown others in the business of insurance, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's motion for leave to file late an amended complaint and his motion to extend the discovery period.

In support of his first motion, the Plaintiff notes that the Court found defects in the original complaint which necessitated corrections. Because of

1

delays incurred during discovery, certain facts did not timely come to light prior to this time to make amendment feasible. He states that State Farm filed a motion for summary judgment based on that defective pleading prior to the end of discovery, placing him at a distinct disadvantage due to matters discovered. The Plaintiff alleges that amendment of the complaint is required to incorporate certain information obtained during discovery. Accordingly, the Plaintiff seeks leave of Court to file late an amended complaint taking into account the discovered information. Moreover, he asks that the Defendants' motion for summary judgment based on the prior pleadings be stricken.

In its response brief, State Farm claims that the Plaintiff's proposed amended complaint does not add any new theories and does not add any new counts which are not already contained in the original complaint. It states that the amended complaint actually deletes one prior count, specifically Count IV of the original complaint pleading a violation of 42 U.S.C. § 1983. Moreover, State Farm alleges that the proposed amended complaint contains allegations from the original complaint which have

2

already been dismissed by the Court's previous Order of March 28, 2006. State Farm claims that while a few factual allegations are changed, these are not significant to any new theory or cause of action. Accordingly, there is no need for the filing of an amended complaint. The Plaintiff's theories are already before the Court. State Farm further states that the time for filing amendments has expired.

The Plaintiff's second motion is mostly duplicative of the first. The only addition appears to be a request to modify the schedule by extending the discovery period an additional three months so as to allow for deposing certain witnesses. The asserted reason for this is that the Defendants have failed to answer interrogatories and turn over discovery material.

The Court will deny the Plaintiff's motions for a couple of reasons. As State Farm contends, it does not appear that the proposed amended complaint would add any new theories or counts. Moreover, to the extent that there were delays during the discovery period, the parties were granted an extension of the deadline for the filing of dispositive motions. Moreover, the Plaintiff was given an extension of time in which to respond to the

Defendants' motion for summary judgment. The Court concludes that no legitimate purpose would be served at this stage of the litigation by allowing the Plaintiff to amend his complaint.

Ergo, the Plaintiff's motion for leave to file late an amended complaint [d/e 45] is DENIED. The Plaintiff's motion to extend the discovery period [d/e 46] is DENIED.

ENTER: June 13, 2007

FOR THE COURT:

s/Richard Mills
United States District Judge