E-FILED
Thursday, 23 August, 2007  11:04:11 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

GLENN J. HOPKINS, d/b/a Galaxy Innovative )
Technologies, on behalf of self and others so )
situated, )
  )
   Plaintiff, )
  )
vs. ) No. 05-3231
  )
THE STATE OF ILLINOIS, SECRETARY OF )
STATE OF ILLINOIS JESSE WHITE, STATE )
FARM MUTUAL AUTOMOBILE INSURANCE )
COMPANY, ESTATE OF LEROY NEFF, by )
Executor Nancy Hostick, and unknown others )
in the business of insurance, )
  )
   Defendants. )

## OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Defendant State Farm Mutual Automobile Insurance Company's motion for summary judgment [d/e 42] on Counts IV, VIII and IX of the Plaintiff's complaint and Defendant Jesse White's motion for summary judgment [d/e 47].

1

Also pending are State Farm's motion to strike the Plaintiff's motion to deny State Farm's motion for summary judgment [d/e 60], the Plaintiff's motion to proceed before the magistrate judge and modify the trial schedule [d/e 63], the Plaintiff's motion to deny State Farm's motion for summary judgment [d/e 65], the Plaintiff's motion for leave to amend the Plaintiff's motion to deny State Farm's motion for summary judgment and supporting memorandum [d/e 66], the Plaintiff's motion for leave to file a late response to Jesse White's reply to Plaintiff's motion to deny Jesse White's motion for summary judgment [d/e 70], the Plaintiff's motion for leave to file Plaintiff's response to the State's objection to the Plaintiff's motion for leave to file a late response to Jesse White's reply [d/e 73], the Plaintiff's motion for leave to file the Plaintiff's response to State Farm's reply to Plaintiff's motion to deny State Farm's motion for summary judgment [d/e 74], and the Plaintiff's motion for leave to file Plaintiff's reply to State Farm's response to Plaintiff's motion to deny State Farm's motion for summary judgment [d/e 78].

2

<u>State Farm's Summary Judgment Motion</u>

<u>I. FACTUAL BACKGROUND</u>

On June 11, 2002, the Plaintiff was involved in a motor vehicle accident on Washington Street adjacent to and on the East side of Veterans Parkway in Springfield, Illinois.  Leroy Neff, who has since died, was the driver of the 1993 Pontiac Grand Am that was westbound on West Washington that struck the rear of the Plaintiff's motor vehicle, a 1983 Ford Thunderbird, which was stopped with other vehicles at the intersection.  Neff was insured by State Farm.

The Plaintiff alleges that he was subsequently cited by the State of Illinois for not having insurance, in violation of 625 ILCS 3-707.   He asserts that he was fined $600.00 and his license was suspended for one year for operation of an uninsured vehicle.  The Plaintiff's complaint  further alleges that Plaintiff has since been "denied ownership of a motor vehicle by the State of Illinois for use as transportation and/or testing of company product, destroying his capacity to engage in commerce, when there was no actual effect whatsoever as to the cause of this accident based on Plaintiff's

3

lack of insurance."

In support of its summary judgment motion, State Farm first states that the Plaintiff has not disclosed the names of any witnesses, other than himself, that he intends to call at the time of trial.  The Plaintiff has not alleged or proven that he had a contract with State Farm that governed the negotiations leading to the property damage settlement agreement signed by the Plaintiff.  All of the Plaintiff's complaints about State Farm in Count IV concern alleged acts or omissions that occurred prior to the time Plaintiff signed the settlement agreement regarding his claim for damage to his vehicle.  The Plaintiff suggests that an implied contract arose when State Farm admitted liability.

There is no evidence of a conspiracy between State Farm and any public official to deprive the Plaintiff of a federally protected right under the color of law.  The Plaintiff admits he has no personal knowledge of any particular individual contacting a particular governmental agency and deliberately acting in such a way as to stop his product from reaching the market.  The Plaintiff's response is somewhat confusing.  He appears to

suggest that the state action requirement of section 1983 is satisfied because State Farm is a private entity that has obtained significant aid from State officials.

State Farm next alleges that during the Plaintiff's deposition, the following question was asked and the following answer was given by the Plaintiff:

> Q.  Okay.  The pressure or the strong motivation to you to give the title and the vehicle to State Farm in exchange for this check, which is Exhibit 6, was exclusively economic or financial hardship, do you agree with me?
>
> A.  That's right.

The Plaintiff retained possession of his vehicle from June 11, 2002–the date of the motor vehicle accident until June 19, 2002–when State Farm took possession.  The Plaintiff accepted $1,152.50 for his vehicle.  He has no evidence to support his allegation that State Farm refused to sell him driver's liability insurance coverage in order to obstruct his business.  The Plaintiff testified that because he is considered impaired, some insurance companies will insure him for high rates and others simply choose to ignore him.  During the same conversation that a State Farm representative

5

extended a settlement offer to Plaintiff for his totaled vehicle, the Plaintiff requested that State Farm provide him with a rental vehicle.

## II. SUMMARY JUDGMENT STANDARD

The entry of summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A "material fact" is a fact which may affect the outcome of the litigation, given the substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Rule 56(c) mandates the entry of judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  If a defendant can show the absence of some fact that the plaintiff must prove at trial, then the plaintiff must produce evidence, and not merely restate his allegations, to show that a genuine issue exists.  Sartor

6

v. Spherion Corp., 388 F.3d 275, 278 (7th Cir. 2004).  The Court construes all facts and makes all reasonable inferences in favor of the non-moving party.  Magin v. Monsanto Co., 420 F.3d 679, 686 (7th Cir. 2005).

## III. ANALYSIS

State Farm notes that Count IV of the Plaintiff's complaint appears to allege two theories of recovery.  First, the Plaintiff asserts that State Farm intentionally breached the implied covenant of good faith and fair dealing.  Second, the Plaintiff appears to allege that State Farm violated 42 U.S.C. § 1983 by engaging in unfair business practices.  State Farm further notes that the allegations in Counts VIII and IX appear to be identical.  Those counts include claims under the Americans with Disabilities Act which have since been dismissed.  The Plaintiff also claims that State Farm violated the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

### A. Count IV

State Farm contends that it is entitled to summary judgment for several reasons.  First, there was no contract between Plaintiff and State Farm giving rise to an implied covenant of good faith and fair dealing.  State

7

Farm next alleges it is entitled to summary judgment on the Plaintiff's section 1983 claims because there is no evidence State Farm conspired with a state actor to deprive Plaintiff of a federally protected right under color of law.  Next, State Farm asserts that it is entitled to summary judgment on the Plaintiff's claims under the Illinois Consumer Fraud Act, 815 ILCS 505/2, because the Plaintiff was not a "consumer" and therefore the Act does not apply.  Finally, the Court should grant summary judgment under the Act because Plaintiff has no evidence State Farm used "acts of intimidation, fraud and coercion as a negotiating tactic" or unfair or deceptive business practices (1) to deny him insurance coverage, (2) to deny him coverage for a rental vehicle while he was without the use of his vehicle or (3) in settling his claim for property damage to his vehicle.

State Farm alleges that it is entitled to summary judgment on the Plaintiff's theory of breach of implied covenant of good faith and fair dealing because there was no contract between Plaintiff and State Farm giving rise to such a duty.  Such a duty does not arise unless the parties have contracted with each other.  See Bass v. Smg, 328 Ill. App.3d 492, 504-05,

8

765 N.E.2d 1079, 1090(1st Dist. 2002).  State Farm asserts that because all of the Plaintiff's complaints in Count IV concern alleged acts and omissions occurring prior to the time Plaintiff signed the property damage agreement, State Farm could not have been bound by a covenant of good faith and fair dealing during the negotiations.  Moreover, the duty of good faith and fair dealing is owed to an insured, not a third party claimant such as the Plaintiff in this case.  See Martin v. State Farm Mut. Auto. Ins. Co., 348 Ill. App.3d 846, 850, 808 N.E.2d 47, 51 (1st Dist. 2004).  For these reasons, State Farm claims it is entitled to summary judgment on the Plaintiff's theory of breach of implied covenant of good faith and fair dealing in Count IV.

The Plaintiff notes that while he acknowledges that there was no specific contract with State Farm, an implied contract arose when State Farm admitted liability.  The Plaintiff does not develop his argument about an implied contract.  Indeed, as State Farm alleges, it does not appear that the Plaintiff has ever pled such a theory. "[T]he negotiations conducted between a third-party claimant and a defending insurer are arm's length and

adversarial in nature.  Accordingly, it is said that the negotiations do not give rise to a duty of good faith and fair dealing."  <u>Martin</u>, 348 Ill. App.3d at 850, 808 N.E.3d at 51.  Such a duty is owed only to the insurance company's insured.  <u>Id.</u> (citations omitted).  To the extent that Count IV asserts a claim for the breach of the implied covenant of good faith and fair dealing, State Farm is entitled to summary judgment.

Next, State Farm contends it is entitled to summary judgment on Plaintiff's section 1983 claims because there is no evidence that it conspired with a state actor to deprive Plaintiff of a federally protected right under color of law.  A private citizen may become liable under section 1983 by conspiring with a public official to deprive someone of a constitutional right.  <u>See</u> <u>Proffitt v. Ridgway</u>, 279 F.3d 503, 507 (7th Cir. 2002).  Because there is no evidence of such a conspiracy, State Farm asserts that it is entitled to summary judgment on the Plaintiff's section 1983 claims.

As the Court previously noted, the Plaintiff's argument on this issue is somewhat confusing.  State Farm says that it does not understand the Plaintiff's argument in opposition to its contention that there is no evidence

to show that it conspired with a state actor to deprive Plaintiff of a federally protected right under color of law.  The Plaintiff identified State Farm's factual allegations on this point as "immaterial."  Because the Plaintiff has not created a genuine issue of material fact on this point, State Farm is entitled to summary judgment on Plaintiff's section 1983 claim in Count IV wherein he alleges that State Farm engaged in unfair business practices.

B. Counts VIII and IX

State Farm also contends that it is entitled to summary judgment on the Plaintiff's claims under the Illinois Consumer and Fraud Act because the Plaintiff was not a consumer.  It notes that the Illinois Supreme Court has held that the Act applies only to consumers.  See Steinberg v. Chicago Medical School, 69 Ill.2d 320, 328, 371 N.E. 634, 638 (1977) ("An Act to protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.").  A "consumer" is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member

11

of his household."  See 815 ILCS 505/1(e).  Because the Plaintiff was a third-party beneficiary and not a consumer, State Farm claims that it is entitled to summary judgment on his claims pursuant to the Act.

The Plaintiff's response to this argument is somewhat confusing.  He states that based on State Farm's admission of liability, he was a consumer based on his status as a "third party to an implied extended 1st party contract."  As State Farm asserts, the Plaintiff has offered no more than a conclusion in response to this allegation.  He does not say how his status is consistent with the definition of a "consumer" under the Act.[1]  The Court concludes that it is not consistent and that State Farm, therefore, is entitled to summary judgment on Plaintiff's claims in Count VIII and Count IX under the Illinois Consumer Fraud Act.


Jesse White's Summary Judgment Motion

----

[1]Even if the Plaintiff could establish that he was a consumer under the Act, summary judgment would be appropriate because Plaintiff has failed to present any evidence that State Farm used "acts of intimidation, fraud and coercion as a negotiating tactic" or unfair or deceptive business practices in dealing with the Plaintiff.

# I. FACTUAL BACKGROUND[2]

The Plaintiff's remaining claim against Jesse White, Secretary of State of the State of Illinois ("the Secretary"), was brought under Title II of the Americans with Disabilities Act ("ADA").  In support of its motion, the Secretary alleges that Plaintiff has had a driver's license at all material times except for a period of suspension in 1996.  The 1996 suspension occurred until the Plaintiff could provide proof of financial responsibility after his insurance company denied coverage for an accident in which Plaintiff was involved.  The accident occurred before the Plaintiff claims the insurance companies were discriminating against him because of a disability.

---

[2]The Plaintiff does not respond directly to the Secretary's alleged undisputed material facts.  Most of his statements are somewhat rambling and do not include any citation to the record.  Consistent with Federal Rule of Civil Procedure 56(c), the Secretary's allegations are supported by references to depositions, answers to interrogatories, affidavits, or admissions on file.  Rule 56(e) provides in pertinent part, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial."  Local Rule 7.1(D)(2)(b)(2) informs parties how to respond to material facts which are disputed: "Each such claim of disputed fact shall be supported by evidentiary documentation referenced by specific page.  Include as exhibits all cited documentary evidence not already submitted by the movant."  The Plaintiff has failed to properly respond to the Secretary's alleged undisputed material facts.

The Secretary alleges that the only document Plaintiff has reflecting a denial of insurance coverage is a May 8, 2000 letter in which an insurance company denies Plaintiff coverage because he has altered the fuel system in his car.  The Plaintiff testified that at least twenty insurance companies told him the same thing.  The only document the Plaintiff has reflecting a complaint to the State of Illinois about a denial of coverage is a May 10, 2000 letter to the Department of Insurance complaining that Plaintiff was denied coverage because he altered the fuel system on his car.

The Secretary further alleges that the Plaintiff claims he was informed on unknown dates by unknown clerical employees of the Office of Secretary of State that Plaintiff was not allowed to own a motor vehicle.  The Plaintiff claims that these unknown employees did not tell him why he could not own a motor vehicle.  The Plaintiff has no records regarding any of these conversations.

The Secretary alleges that the Plaintiff has no admissible evidence in support of his assertion that the State of Illinois classified Plaintiff as a high risk for insurance.  The Plaintiff claims that he was arrested at least 27 times

14

for driving without insurance. The Plaintiff was convicted of driving without insurance. The Office of Secretary of State of the State of Illinois does not assess risk level for motorists or advise the insurance industry about risk level. The electronic database for the Plaintiff's driver's license does not reflect that Plaintiff suffers from a disability. The Plaintiff has no evidence that the State of Illinois classified him as high risk for insurance.

## II. ANALYSIS

The Secretary notes that the Plaintiff claims in this case that he has been denied equal access to the use of the roads of Illinois because he is required to have insurance and has been denied insurance because of his disability. The Plaintiff also alleges that the Secretary classifies him as high risk for insurance and refused to let Plaintiff register a vehicle. "Title II of the ADA prohibits a public entity from denying equal services to individuals because of their disabilities." Discovery House, Inc. v. Consolidated City of Indianapolis, 319 F.3d 277, 279 (7th Cir. 2003).

The Secretary notes that the Plaintiff admitted in his deposition that he has no documents reflecting that any insurance company denied him

coverage because of a disability.  The only documentary evidence that has been presented is that Plaintiff was denied insurance because he altered the fuel system on his car, not because he has a disability.  The Secretary alleges that the Plaintiff's assertions about what unknown persons told him or what was said in letters that were formerly in Plaintiff's possession constitute inadmissible hearsay under Federal Rule of Evidence 801.

The Secretary alleges that the Plaintiff's assertion that the State classifies him as a risk for insurance also relies upon hearsay evidence.  The Plaintiff claims to have learned this information from letters sent by insurance companies.

The Secretary next contends that Plaintiff's claims that unknown clerical persons told him that he was not allowed to own a vehicle do not provide a basis for liability under the ADA, even if the Plaintiff had a proper foundation for those assertions.  The Plaintiff says that these persons never told him why he could not own a vehicle and the database, which allegedly was consulted by these unknown persons, does not reflect Plaintiff's disability.  The Secretary denies that it restricts the right to own a vehicle

because of disabilities.  However, it is authorized by Chapter 7, Article VI of the Vehicle Code (625 ILCS 5/7-601 <u>et</u> <u>seq.</u>) to deny registration when a motorist does not have insurance.  Moreover, the Secretary is authorized to demand verification of insurance from persons who, like Plaintiff, have been convicted of driving without insurance.

The Secretary contends that the Plaintiff has admitted in his deposition and discovery responses that he has no competent evidence to support his claims.  It asserts, therefore, that because the Plaintiff has no evidence connecting his lack of insurance to his disability, a refusal to allow Plaintiff to register an uninsured vehicle does not implicate the ADA. Accordingly, the Plaintiff has no evidence supporting his assertion that he was denied equal access to the road because of a disability.  Based on the foregoing, the Secretary asserts there are no genuine issues of material fact and summary judgment is warranted.

After reviewing the Plaintiff's response to the Secretary's motion, the Court concludes that Plaintiff has offered no evidence in support of his ADA claim and that the Secretary is entitled to summary judgment.  Quite

17

frankly, the Plaintiff's response is somewhat rambling and is at times difficult to understand.  A portion reads:

> It is a question of fact in this case as to whether or not Plaintiff has any admissible evidence proving prima facie that the State of Illinois does not make the fair and reasonable accommodations required by the ADA–but Defendant have [sic] raised this claim about here [sic] being no genuine issues of material fact that are in dispute without citing any evidence for this contention whatsoever, at a time <u>when discovery has not yet been concluded due to the delay of Defendants in submitting requested documentation, where the Defendant has failed to comply with discovery rules by not answering a supplemental interrogatory, and had not turned over all of Hopkins driving records, correspondences, and suspension notices that exist in state files</u>!  The depositions (two) of Glenn Hopkins which the Defendant seems to be relying upon for support of their claims, *though they do not specifically cite any supposed paragraphs in support of their contentions*, <u>does not address the issue of alleged failure of the State to accommodate prior to 2000, and subsequent to 2000 that is before this Court.</u>[3]

The Court has difficulty understanding what the Plaintiff means in the above paragraph.  First, the Secretary has supported its allegations properly

---

[3]<u>See</u> Memorandum in Support of Plaintiff's Motion to Deny Defendant State of Illinois Motion For Summary Judgment, P. 5 (emphasis in original).  Neither the Federal Rules of Civil Procedure nor the Rules of this Court contemplate a Motion to Deny a Motion for Summary Judgment.  The Local Rules provide that a party opposing a motion for summary judgment must file a response to the motion.  Accordingly, the Court considers this filing as the Plaintiff's response to the Secretary's motion for summary judgment.

by citing to the applicable portions of the record.  Moreover, the discovery

period ended on January 15, 2007; the parties were granted until May 15,

2007 to file dispositive motions.  The record does not show that Plaintiff

requested that the discovery period be extended until seeking such relief in

a motion filed on May 14, 2007.  The Court denied the Plaintiff's motion

to extend the discovery period.

As for the assertion that the Secretary has not responded to a

supplemental interrogatory and has not turned over the Plaintiff's driving

records, the Secretary notes that Plaintiff provides no support for these

assertions.  Counsel for the Secretary states that his records do not reflect

any unanswered interrogatory by the Secretary, though the Plaintiff did

serve untimely interrogatories on employees of State Farm.  The Secretary

further alleges that it has turned over all of the records in its possession

which could be located pertaining to the Plaintiff's driving record.

The Plaintiff also says that the Secretary does not address the failure

of the State to accommodate Plaintiff's disability.  As the Secretary alleges,

the Plaintiff has offered no evidence to establish his claim.  Instead, he has

asserted that he can prove the claim at trial through unnamed witnesses, unspecified documents and testimony that he would have offered at trial if the Secretary's counsel had only asked the right questions.[4]  The Plaintiff has offered no evidence in support of his argument that an insurance company refused to offer him coverage because of his disability.  The email correspondence attached to the Plaintiff's response supports the Secretary's assertion that Plaintiff was denied insurance because he altered the fuel system on his vehicle–not because of a disability.

There are no genuine issues of material fact as to the Plaintiff's ADA claim.  Because the Plaintiff has offered no evidence to prove that he was the victim of discrimination based upon a disability, the Secretary is entitled to judgment as a matter of law as to Count III.

## III. CONCLUSION

---

[4]For example the Plaintiff's response states, "Furthermore, the Questions asked in the Deposition did not directly address the failure to accommodate issue."  The Plaintiff seems not to understand what is required of an opposing party at the summary judgment stage.  See Fed. R. Civ. P. 56; see also Local Rule 7.1(D).

After reviewing the record, the Court concludes that the Defendants are entitled to summary judgment. Accordingly, the Court will ALLOW the motion of State Farm for summary judgment on Counts IV, VIII and IX of the complaint. The Court will also ALLOW the Secretary of State's motion for summary judgment on Count III.

The Court notes that it previously Allowed State Farm's motion to dismiss Count VII and Count X. The Court also Allowed the motion of the Secretary of State and the State of Illinois to dismiss Counts I and II. The Court also notes that the Plaintiff's complaint does not include a Count V or Count VI.

Based on the foregoing, it appears that the only remaining claim is asserted in Count XI. Count XI includes a negligence claim asserted against the Estate of Leroy Neff. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over that state law claim.

The Plaintiff has filed a number of motions that do not comply with the Federal Rules of Civil Procedure or the Local Rules of the Court. He attempts to justify some of these filings by making vague, conclusory

21

allegations that the other parties have engaged in misrepresentation and fraud.  The Plaintiff also seems to suggest that the Court's electronic filing system is not sufficient to properly apprise the parties of documents which are filed.  In one of his filings, the Plaintiff states:

> As neither Defendant actually serves council [sic] with physical copies of the filings with this Court, leaving only this Courts [sic] email notice "to give notice" as to what kind of document has been filed, but it is otherwise insufficient as it provides no information as to its contents, [sic] Counsel has to go "fishing" on the system to get such copies, which Hopkins claims denies due process, see <u>In Re Gault</u>, 387 U.S. 1, (1967), as due process does require a party to be receiving the information needed to take appropriate action within the time to respond.  While an email would inform a party that a reply had been filed, it would not provide in any case or circumstance the information that is actually needed to act upon the contents of that filing <u>in any case of fraud or deception by the opposing party, creating grounds for relief,</u> see in re <u>California Motor Transport</u>, 404 U.S. 512-513.

(emphasis in original).  In another filing, the Plaintiff also states:

> With all due respect to this Court, it is indicative of collusion that both Defendants chose not to send, as they declared they had in their proof of service, to the Plaintiff the copies of the Motions for summary judgment, so that a timely response could be filed.  While Plaintiff was able to obtain copies of these filings from the Court records on file, the responses were not timely and thus are subject to being stricken by this Court–this "availability" of the motions on the pacer

system did not relieve the Defendants of the obligation to serve this notice to Plaintiff.

This Court, even though the electronic record was available, must not overlook that one must have a reason to look–a random check once or twice per month is usually all a firm will do when they have only one case on the docket that is not active. Counsel discovered in such a random check the filed motions, and promptly drafted and filed responses.

The Defendants note that Plaintiff's counsel has voluntarily joined and participated in the Court's Electronic Filing System. Therefore, service by electronic means as part of the Court's Electronic Case Filing System, pursuant to Rule 5.3 of the Local Rules of the United States District Court for the Central District of Illinois, is sufficient service upon the Plaintiff. Accordingly, the Defendants are in compliance with the local rules regarding service.[5]

The Plaintiff's argument that the other parties' failure to serve him with physical copies of filings implicates due process concerns is completely

---

[5]If it is any consolation to the Plaintiff, none of his filings were stricken despite the fact that many filings did not comply with the Federal Rules of Civil Procedure and/or Local Rules and were not timely because of counsel's failure to monitor the Electronic Filing System.

23

without merit.[6]   The Plaintiff acknowledges that he receives email notification from the Court when a document is filed.  The fact that he must then go "fishing" in the system to obtain the document does not result in a denial of due process; rather, it is an extremely minor burden for an attorney with a case in federal court.

Ergo, the motion of Defendant State Farm for summary judgment on Counts IV, VIII and IX of the complaint [d/e 42] is ALLOWED.  The motion of Secretary of State Jesse White for summary judgment on Count III [d/e 47] is ALLOWED.  All other motions are DENIED AS MOOT.

The Clerk will enter Judgment in favor of Defendants State Farm Mutual Automobile Insurance Company and Illinois Secretary of State Jesse White and against the Plaintiff.  The state law claim asserted in Count XI against the Estate of Leroy Neff is DISMISSED WITHOUT PREJUDICE. The final pretrial conference and trial are hereby CANCELED.

IT IS SO ORDERED.

---

[6]It might be advisable for the Plaintiff's counsel to review the Local Rules, especially those Rules pertaining to summary judgment motions and the Electronic Case Filing System.

ENTER: August 22, 2007

FOR THE COURT:

s/Richard Mills
United States District Judge