IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GLENN J. HOPKINS, d/b/a Galaxy Innovative Technologies, on behalf of self and others so situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 05-3231 ) |
| THE STATE OF ILLINOIS, SECRETARY OF STATE OF ILLINOIS JESSE WHITE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ESTATE OF LEROY NEFF, by Executor Nancy Hostick, and unknown others in the business of insurance, | ) ) ) ) ) ) ) |
| Defendants. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion for attorney's fees filed by Defendant State Farm Mutual Automobile Insurance Company.

In an Opinion and Order entered on August 23, 2007, the Court granted the Defendants' motion for summary judgment. Counts IV, VIII,

1

IX and X of the complaint were directed against State Farm. In support of its motion for attorney's fees, State Farm asserts that Plaintiff's claim under 42 U.S.C. § 1983 contained in Count IV was utterly groundless and without foundation.

"In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Although the statute specifies that such an award is within the court's discretion, "it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois, 424 F.3d 659, 675 (7th Cir. 2005). A prevailing defendant may be entitled to attorney's fees under section 1988(b) only if "the plaintiff's action was frivolous, unreasonable, or groundless." Id. (citations omitted). A suit is frivolous "if it has no reasonable basis, whether in fact or in law." Id. (quoting Tarkowski v. Lake County, 775 F.2d 173, 176 (7th Cir. 1985)). A district court may award attorney's fees to a defendant under section

1988 for work performed defending concurrently filed frivolous pendent state law claims.  Munson v. Milwaukee Board of School Directors, et al., 969 F.2d 266, 270-72 (7th Cir. 1992).

State Farm contends that from the beginning of this case, it alleged that Plaintiff failed to plead any facts to establish that it deprived him of a federally guaranteed right or acted under color of law.  State Farm also asserted from the outset that Plaintiff had not pled, and would not be able to establish any "state action" involving State Farm.  In his deposition, the Plaintiff admitted that he had no personal knowledge and no evidence that State Farm, or any of its agents or employees, had any communication or interaction with a representative of a governmental entity to an extent to support a claim under section 1983.  State Farm further alleges that the Plaintiff made no responsive assertion in support of his section 1983 claim to the undisputed material facts offered by State Farm in support of its motion for summary judgment.  Instead, the Plaintiff responded that State Farm's allegation was "immaterial."

State Farm also contends that Plaintiff's state law claims under Count

VIII and IX, wherein he alleged violations of the Illinois Consumer Fraud Act, were also completely without merit. State Farm asserts that these claims were groundless under the law and unsupported by any evidence.

State Farm claims that the total fees incurred and paid in defense of Plaintiffs' allegations in this case exceed $28,000.00, which does not include the fees incurred in preparing this motion. For purposes of fairness, State Farm concedes that a proportional split of attorney's fees incurred in defending the section 1983 claims represent approximately one-third of the fees, attorney's fees incurred in defending the state law claims under Counts IV, VIII, and IX represent approximately one-third of the fees, and the remaining one-third of the fees could be attributable to defending the state law personal injury claim directed against the Estate of Leroy Neff pleaded in Count XI.

Pursuant to section 1988, State Farm seeks an award of attorney's fees incurred in defense of Counts IV, VIII and IX in the amount of $18,988.00 (two-thirds of fees), or alternatively, an award of attorney's fees incurred in the defense of the claims under section 1983 contained in Count IV in the

amount of $9,494.00 (one-third of fees).

The Plaintiff alleges that this case differs significantly from the cases relied on by State Farm. According to the Plaintiff, this case is not similar to <u>Munson</u> because multiple counts in this case are related to a valid pendent state law claim which was not addressed by the Court. The Plaintiff notes that in <u>Munson</u>, all of the Plaintiff's claims were frivolous. 969 F.2d 271-72. In this case, there was an actual car crash which caused damage to the Plaintiff's personal property. The Plaintiff asserts that claims were brought against State Farm first because of the car crash claim and the Defendant's alleged treatment of the Plaintiff during settlement talks regarding the insurance claim.

The Plaintiff notes that in this case, every claim was not based on the same conduct. The claim against the State of Illinois was based on the Commerce Clause and the claims against State Farm were based on their actions during settlement of the property damage claim. The Seventh Circuit has stated, "In determining whether the claims are related or unrelated, it is useful to focus on whether the claims seek relief for

5

essentially the same course of conduct." Munson, 969 F.2d at 272 (internal quotation omitted).

The Plaintiff emphasizes that the mere fact a party did not survive a motion for summary judgment does not mean the action was frivolous. The Supreme Court has stated:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421-22, 98 S. Ct. 694, 700-01 (1978). The Plaintiff emphasizes that in this case, his claims survived both a motion to dismiss and a motion for sanctions filed by the Defendant.

As for the Plaintiff's admission that he lacked proof of State Farm having contact with a governmental entity, the Plaintiff emphasizes that this comment was made during the course of discovery. This and the Plaintiff's assertion that State Farm's allegations were "immaterial" are the only two instances pointed out by State Farm pertaining to its argument that the section 1983 claim lacked facts. The Plaintiff suggests that the Court should have warned the Plaintiff that continuing to litigate might result in an award of attorney's fees to State Farm.

Regarding State Farm's actual attorney's fees, the Plaintiff contends that they are unreasonable as they charge him with every single piece of litigation by State Farm since the beginning of the case. Moreover, the request does not take into account State Farm's own claim that the case only became frivolous after filing. The Plaintiff contends that the amount in question of $18,988.00 is excessive as it also includes the state court filing, in addition to counts that were dismissed over a year ago. The Plaintiff asserts that if the Court finds for the Defendant, then attorney's fees should be awarded only based on reasonable expenses for the defense

7

of claims under section 1983 contained in Count IV. According to State Farm, that amount is $9,494.00.

The Court does not often find that it is appropriate to award attorney's fees to a defendant in a section 1983 action. In this case, however, the Court finds that a reasonable award is warranted. A plaintiff under section 1983 must show that the defendant acted under color of state law and that the challenged conduct constituted state action. "These two requirements–color of law and state action–are functionally equivalent." Tarpley v. Keistler, 188 F.3d 788, 791 (7th Cir. 1999) (citation omitted).

While it is true that the Plaintiff did survive a motion to dismiss his section 1983 claim, the Court's analysis on pages 10-12 of that Order entered on March 28, 2006, probably should have caused him to reexamine whether he had a viable cause of action. In that Order, the Court noted that State Farm argued that Plaintiff had not alleged he has either been deprived of a right secured by the Constitution or laws of the United States or that it was responsible for the specific conduct about which he complained. As the Court then said, "At first glance, moreover, it would

appear that State Farm is a private actor and that an action under § 1983 could, therefore[,] not be maintained." Because a private actor may become liable under section 1983 by conspiring with a public official to deprive someone of a constitutional right, See Proffitt v. Ridgway, 279 F.3d 503, 507 (7th Cir. 2002), and given the liberal notice pleading standard, the Court concluded that it was too early in the litigation to dismiss the Plaintiff's § 1983 against State Farm.

The Order on State Farm's motion to dismiss should have provided notice to the Plaintiff of the problems with his section 1983 claims. However, it did not and the case continued to proceed. It was on May 4, 2007–more than one year after that Order was entered–that State Farm filed its motion for summary judgment.

The Court finds that the section 1983 action against State Farm was "frivolous, unreasonable or groundless" from the beginning of this litigation. Pursuant to section 1988(b), therefore, the Court finds that a reasonable attorney's fee award is appropriate. The Court declines to award the entire amount requested by State Farm. However, the Court finds that an award

of attorney's fees incurred in defense of the claims under section 1983 contained in Count IV, which State Farm asserts is approximately one-third of the total fees, is appropriate.

Ergo, the motion for attorney fees filed by Defendant State Farm Mutual Automobile Insurance Company [d/e 87] is ALLOWED, to the extent that the Plaintiff is ORDERED to pay attorney's fees in the amount of $9,494.00 to State Farm.

ENTER: November 1, 2007

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge